IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| BRYAN L. LITTLETON, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | Case No. 4:04-CV-211 |
| | § | |
| DEBRA L. LITTLETON, | § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM OPINION AND ORDER
AFFIRMING JUDGMENT OF BANKRUPTCY COURT**

Before the court is an appeal from the United States Bankruptcy Court for the Eastern District of Texas. Appellant Bryan L. Littleton (Bryan) assigns error to the bankruptcy court's finding that a $101,200.00 debt, which Bryan owes to his ex-wife, Appellee Debra L. Littleton (Debra), is excepted from discharge by section 523(a)(5) of the current bankruptcy code, 11 U.S.C. § 523(a)(5). For the reasons provided in this opinion, the bankruptcy court's order is AFFIRMED.

## BACKGROUND

Bryan and Debra divorced on March 2, 2001. App. at 7. In conjunction with their divorce, Bryan and Debra negotiated a settlement agreement and had it incorporated into their final decree of divorce issued by the 202nd Judicial District Court of Bowie County, Texas. *Id*. at 7-18. In the section of the agreement labeled "alimony," Bryan agreed to pay Debra $1,100.00 per month "as and for alimony." *Id*. at 15. These payments were to last for 120 months, beginning on March 1, 2001 and ending on February 1, 2011. *Id*. The agreement went on to provide that Bryan and Debra intended the payments to qualify as contractual alimony under sections 71(a) and 215(a) of the Internal Revenue Code, 26 U.S.C. §§ 71(a) & 215(a), and to cease upon the death of either party.

*Id*.

While Bryan abided by the terms of the agreement for twenty-eight months, he stopped making the required payments in July of 2003 - leaving $101,200.00 of past and future payments in arrears. *Id*. at 38. He thereafter filed a petition for bankruptcy seeking discharge of, *inter alia*, the $101,200.00 debt. *Id*. at 3. Bryan claimed that the debt was dischargeable because, although the payments underlying the debt were labeled as alimony in the separation agreement, it actually represented a property settlement between Debra and himself. *Id*. at 44. After examining the settlement agreement and hearing testimony from Bryan and Debra, the bankruptcy court disagreed, finding that the debt was in the nature of alimony, maintenance or support and thus excepted from discharge by section 523(a)(5). *Id*. at 100. Bryan thereafter filed an appeal of the bankruptcy court's order in this court. *Id*. at 21.

## DISCUSSION

Under the then-existing bankruptcy code, all debts were dischargeable unless excepted from discharge by 11 U.S.C. § 523. *See* 11 U.S.C. § 727(b). As discussed, the bankruptcy court in this case found that Bryan's $101,200.00 debt to Debra was subject to such an exception - namely, section 523(a)(5), which excepts from discharge "any debt to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child" so long as the debt is "actually in the nature of alimony, maintenance or support." 11 U.S.C. § 523(a)(5). As this finding is the subject of the current appeal, the court must determine whether it is clearly erroneous. FED. R. BANKR. P. 8013.

Under section 523(a)(5), debts labeled as alimony in a settlement agreement, are excepted from discharge if the parties to the agreement intended the debt to be in the nature of alimony,

maintenance or support at the time the agreement was executed. *See, e.g.*, *In re Evert*, 342 F.3d 358, 368 (5th Cir. 2003). Whether parties had such intent can often be discerned from the terms of the separation agreement itself. *See id.* (citing *Tilley v. Jessee*, 789 F.2d 1074 (4th Cir. 1986)). To wit, "if the agreement between the parties clearly shows that the parties intended the particular debt in question to reflect either support or a property settlement, then that characterization will normally control. On the other hand, if the agreement is ambiguous, then the court must determine the parties' intentions by looking to extrinsic evidence." *Id.* (citing *In re Yeates*, 807 F.2d 874 (10th Cir. 1986)).

In this case, the terms of Bryan and Debra's settlement agreement show unambiguously that the payments underlying the $101,200.00 debt were intended by the parties to be in the nature of alimony, maintenance or support at the time the agreement was executed. This finding is informed by express statements in the settlement agreement. In the section labeled "alimony," the agreement recites that "[i]t is the mutual desire of the parties to provide a continuing measure of support for Debra L. Littleton . . . after divorce." App. at 14. Moreover, with respect to the payments underlying the $101,200.00 debt specifically, the agreement states that "Bryan Littleton will pay to Debra L. Littleton $1,100.00 per month *as and for alimony*." *Id.* (emphasis added). Finally, with respect to the substantive characteristics of the payments, the agreement provides that Bryan and Debra intended the payments to both qualify as contractual alimony under sections 71(a) and 215(a) of the Internal Revenue Code, 26 U.S.C. §§ 71(a) & 215(a), and cease upon the death of Debra. *Id.* at 14-16. Because these statements demonstrate that both the label and the substantive characteristics of the payments underlying Bryan's $101,200.00 debt are indisputably in the nature of alimony as opposed to a property settlement, *see, e.g., In re Evert*, 342 F.3d at 369, the court finds that Bryan and Debra did in fact intend for the payments underlying the debt to operate as such.

## CONCLUSION

As a consequence of the finding above, it follows that Bryan's $101,200.00 debt to Debra is excepted from discharge by 11 U.S.C. § 523(a)(5) as found by the bankruptcy court. The bankruptcy court's order is therefore AFFIRMED.

**SIGNED this the 9th day of November, 2005.**

*/s/ Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE